JEROME B. KIMBALL AND DIANA C. KIMBALL v. DAN B. NEAL.

### Court. Evidence. Jurisdiction.

The county court having jurisdiction of the parties and the matters involved in a suit, cannot refuse to try and determine the rights of the parties, because their rights might be more conveniently and completely determined in another forum.

In this cause it would have been highly proper for the county court to have suggested to the parties that the court of chancery could give more complete relief with less litigation, but it was error for that court to direct a verdict for the defendant, as parties are entitled to have their rights determined in any court they may select that has jurisdiction of the parties and subject matter in dispute.

EJECTMENT for certain land in Hartford. Plea, the general issue, and trial by jury, May term, 1871, BARRETT, J., presiding.

The plaintiffs claimed to recover in right of Diana C. Kimball as heir of Alfred Neal deceased, and offered to prove the following facts: That she is the wife of said Jerome B. Kimball and the daughter of said Alfred, and that she and the defendant and James L. Neal are the only children and heirs of said Alfred; that the defendant was at the bringing of this suit in the sole and exclusive possession of the premises described in the declaration, claiming the same and the entire interest therein as his own property, and for that reason refused admission of said Diana into joint possession, although demanded by her before the writ was served;

that on the 16th day of March, 1868, said Alfred Neal executed a deed in common form purporting to convey to said James L. several farms or parcels of land.

That on the 21st day of said March, he executed a deed in common form purporting to convey to the defendant a large and valuable farm, being the premises described in the declaration ; that on the day last named he also executed a deed purporting to convey to the plaintiff, Diana C., a farm, on which she with her husband and family was then residing, and still resides, in the town of Sharon ; that at the time of executing said deed to the defendant, said Alfred executed to the defendant a bill of sale of a large amount of personal property, being all he owned except what was required for the payment of his debts and charges on his estate ; that the largest share of said Alfred's property was thus conveyed to the defandant, a lesser share to said James L., and a very small share to the plaintiff, Diana C. ; that the defendant claimed to own the entire interest in the premises sued for by virtue of said deed to him ; that Clara Neal, who also signed said deeds, was the second wife of said Alfred, and the mother of the defendant, Dan B., but not of the other two children, they being the children of a former wife, and that said Clara had no interest in said lands except as the wife of said Alfred ; that no consideration was paid or agreed to be paid by either the said James L. or said Dan B. for the property so conveyed to them ; and that from protracted disease the said Alfred had become so enfeebled in mind as to be incapable of transacting ordinary business, and was thereby subjected to the entire control of those around him ; that said Dan B. lived at home with his parents.

The plaintiffs claimed that said deeds should be held void.

It was stated and agreed that said heirs were respectively in possession of the lands so conveyed to them by said Alfred at the time this suit was brought. The defendant claimed that said conveyances of property were made by said Alfred in view of his approaching decease, and for the purpose of settling or disposing of his estate, at least in part. The defendant objected to the evidence offered by the plaintiffs on the ground that they were not entitled to recover in this action upon the facts thus offered to be proved.

The court, *pro forma*, sustained the objection, and directed a verdict for defendant, to which plaintiffs excepted.

*Julius Converse* and *Warren C. French*, for the plaintiffs.

*S. M. Pingree*, for the defendant.

The opinion of the court was delivered by

Ross, J. The county court had jurisdiction over the parties and the matters involved in the suit. Having jurisdiction, the court cannot refuse to try and determine the rights of the parties to the land in controversy, because their rights to this and other property, similarly situated, might be more conveniently and completely determined in another forum. The only objection urged against the trial of the case by the county court, was that the plaintiff should have brought the testamentary deeds of Alfred Neal, to the defendant, to the plaintiffs, and to James L. Neal, into the court of chancery, and there had determined their validity, and the rights of the plaintiffs, defendant, and James L. Neal, to the lands described in the deeds. No case has been brought to the attention of the court where such an objection has availed to take jurisdiction from a court of law, or where it has been allowed to operate as a defense to a suit in a court of law. If the deed from Alfred Neal to the defendant is inoperative from fraud, or a want of capacity in Alfred Neal to execute the deed, at his decease, the land described vested in his heirs, of which the plaintiff wife is one. If that deed is inoperative, it is probable that the deeds to the plaintiffs and to James L. Neal are inoperative for the same reason. The validity of the deed to the defendant can be as well determined at law as in chancery. In settling at law the rights of parties, and of James L. Neal, to the property described in the deeds from Alfred Neal, a number of suits would probably arise, and in the various suits, the parties would be very likely to attempt to maintain contradictory claims. All this would furnish very good reasons why a court of chancery should assume jurisdiction of the whole matter on the petition of either party interested. Yet we hardly think it will do to hold that a

72

court of law can refuse, for such reasons, to determine the rights of the parties to the several parcels of land conveyed, in separate suits at law, if the parties so elect. We are strongly impressed that the rights of all the grantees in those deeds can be more completely determined and settled in the court of chancery and with much less litigation.

We think either party can go to that forum to have these rights determined, if they choose; the plaintiffs, by alleging that the deeds are inoperative, and asking to have them set aside and partition of the property made; the defendant by setting forth that the deeds are valid, but that the plaintiffs claim otherwise, and have commenced a suit at law, to have the one to him adjudged inoperative, and asking to have all the deeds adjudged valid, and all question, as to the validity of the title to the lands thereby conveyed, removed; or, if the deeds should be found inoperative, that they may all be set aside and partition of the lands made, and that the plaintiffs' suit at law may be perpetually enjoined. It would have been highly proper for the county court to have suggested such a course to the parties, but we think it was error for that court to direct a verdict for the defendants on the proof offered by the plaintiffs.

The *pro forma* judgment of the county court is reversed, and the cause remanded.