The State ex rel. Hartung vs. City of Milwaukee.

BARDEEN, J., took no part.

---

THE STATE EX REL. HARTUNG, Appellant, vs. CITY OF MILWAUKEE, Respondent.

*February 25,— April 4, 1899.*

*Public nuisance: Injunction: Who may bring action: Appeal: Undertaking.*

1. An action in the circuit court to enjoin the continuance of a public nuisance must be instituted by the proper law officer of the state, and that court has no power to authorize a private relator to act *pro hac vice* as such officer. *State ex rel. Lamb v. Cunningham,* 83 Wis. 90, distinguished.

102  509
109  568

102      509
53 LRA  900

The State ex rel. Hartung vs. City of Milwaukee.

2. Such an action, when instituted by a private relator in the name of the state, is not an action brought by the state, and an effective appeal therein cannot be taken by the relator without the giving of an undertaking.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Appeal dismissed.*

The relator is chairman of the board of supervisors of the town of Wauwatosa, and a member of the board of health of said town. Before bringing this action, he applied to the attorney general, requesting him to bring suit in the name of the state, in the circuit court for Milwaukee county, to enjoin the city of *Milwaukee* from depositing its garbage on lands in the town of Wauwatosa. The attorney general denied the request, whereupon the relator, upon notice to the attorney general, applied to the circuit court for Milwaukee county for leave to prosecute this information in equity in the name of the attorney general and on behalf of the state, which leave was granted. Thereupon the summons and complaint in this action were served upon the city.

In the complaint the relator claims to sue on behalf of the state and in the name of the attorney general, and informed the court that the city of *Milwaukee* was depositing 100 loads of garbage per day upon certain premises in the town of Wauwatosa, immediately adjoining highways, and leaving the same there to the depth of eight or twelve inches, and that there was emitted therefrom stenches and smells deleterious to the public health, and that the same was in contravention of a valid ordinance of the town of Wauwatosa; and a perpetual injunction was demanded. The city appeared in the action, and admitted that it was depositing garbage upon the premises named, and alleged that the same was deposited in trenches, and was immediately covered over with dirt, and constituted no nuisance nor menace to the public health.

The case was tried by the court, and a large amount of testimony of citizens and experts was taken. The court found that the garbage was immediately covered with dirt, and created no nuisance, and was not deleterious to the public health, and denied the application for an injunction, and rendered judgment against the relator with costs. The relator gave notice of appeal from this judgment, but gave no bond upon such appeal.

*N. S. Murphey*, for the appellant, contended, *inter alia*, that it is settled law, both in this country and in England, that the attorney general, or a private relator, may maintain an action in the name of the state to enjoin the erection or continuance of public nuisances. *State v. Carpenter*, 68 Wis. 172; 2 High, Inj. §§ 1303, 1304, 1554; *Bell v. Platteville*, 71 Wis. 147; *Attorney General v. Railroad Cos.* 35 Wis. 526; *People v. Vanderbilt*, 26 N. Y. 287; *S. C.* 28 N. Y. 396; *S. C.* 38 Barb. 282; *State ex rel. Little v. D. & S. E. R. Co.* 36 Ohio St. 434; *People v. Miner*, 2 Lans. 396; *Attorney General v. Richards*, 2 Anst. 603; *People ex rel. Teschemacher v. Davidson*, 30 Cal. 379; *Attorney General v. Steward*, 21 N. J. Eq. 340; *Attorney General v. Cohoes Co.* 6 Paige, 133; *Corning v. Lowerre*, 6 Johns. Ch. 439; 2 Story, Eq. Jur. §§ 921, 922; *Davis v. New York*, 2 Duer, 663; *S. C.* 14 N. Y. 526; *State v. Saline Co. Court*, 51 Mo. 350; *State ex rel. Cramer v. Hager*, 91 Mo. 452; *Rowe v. Granite B. Corp.* 21 Pick. 344.

For the respondent there was a brief by *Carl Runge*, city attorney, and *C. H. Hamilton*, of counsel, and oral argument by *Mr. Hamilton*.

Winslow, J. This is avowedly an action in equity to perpetually enjoin the continuance of an alleged public nuisance. The relator, *Hartung*, does not claim that he has suffered any "private or special injury peculiar to himself," but explicitly states that the nuisance is a public one, and that he claims the right to maintain this action on behalf of the state,

in the name of the attorney general; and the first question in the case is whether such an action can be maintained.

The remedies in equity by way of injunction in case of a public nuisance were well understood at common law, and were twofold, viz.: (1) In case the threatened public nuisance threatened also to invade private rights and inflict a special and peculiar injury to any person, such person might maintain an action in equity to enjoin its establishment or continuance; (2) in case the nuisance was purely public, the remedy was by bill or information in equity on behalf of the people, instituted by the attorney general or other proper law officer of the state. Thus, so far as the threatened nuisance was private in its aspect it was prevented in a purely private action; and so far as it was public it was prevented in a purely public action. Wood, Nuisances (3d ed.), §§ 777, 819. This was entirely logical, and the doctrine has been expressly or impliedly approved by many of the American courts which have had occasion to treat the subject. *Attorney General v. Railroad Cos.* 35 Wis. 425 (see pages 533 *et seq.*); *People v. Vanderbilt,* 26 N. Y. 287; *People v. Equity G. L. Co.* 141 N. Y. 232; *Georgetown v. Alexandria C. Co.* 12 Pet. 91; *District Attorney v. L. & B. R. Co.* 16 Gray, 242; 2 Story, Eq. Jur. §§ 922, 923; *Baines v. Baker,* 1 Ambl. 158; Angell, Watercourses (7th ed.), § 565; 2 High, Inj. (3d ed.), § 1554; Ang. & D. Highways (3d ed.), § 280; *State v. Carpenter,* 68 Wis. 165; *Hunt v. Chicago H. & D. R. Co.* 121 Ill. 638; 3 Am. & Eng. Ency. of Law (2d ed.), 481, and cases cited in notes. We have been referred to no case, however, which holds that this action on behalf of the public may be maintained by a private relator without the presence of the proper law officer of the state. It is true that the expression is frequently used that the information may be filed either by the attorney general *ex officio, or* upon the relation of a private person. *District Attorney v. L. & B. R. Co., supra; State ex rel. Little v. D. & S. E. R. Co.* 36 Ohio St. 434. But

this does not mean that a private relator may prosecute alone, and without the presence of the proper law officer of the state. It simply means that a private person, especially interested perhaps, may make the sworn relation upon which the attorney general or other proper prosecuting officer of the state founds his action.

It seems quite probable that the trial court, in making the order allowing the action to proceed in the name of the state upon the relation of a citizen, relied upon what was said in the case of *State ex rel. Lamb v. Cunningham* (known as the "Gerrymander Case"), 83 Wis. 90. Careful consideration of that case, however, demonstrates its inapplicability to the present case. That case was an action brought in this court, and clearly within its original jurisdiction, because it affected "the sovereignty of the state, its franchises or prerogatives, or the liberties of its people." In the *Railroad Cases*, 35 Wis. 425, it was, in substance, held that the writ of injunction, as given to this court by the constitution, being classed with *mandamus, habeas corpus, quo warranto,* and *certiorari*, was a *quasi* prerogative writ, and that all of such writs were given to the supreme court for prerogative uses only. Being thus classed with *mandamus* as a prerogative writ as given to this court, and the law being quite well settled that *mandamus* to enforce the performance of public duties may be sued out by any citizen if the attorney general refuses to appear (Merrill, Mandamus, §§ 229, 230), it was held in the second *Gerrymander Case* (83 Wis. 90), that this court would entertain an information for injunction to restrain a public officer from enforcing a law which interfered with the liberties of the people, at the suit of a private relator acting in the name of the state, upon permission obtained from the court. But it by no means follows that the same rule applies to injunctions sued out of the circuit court. It has been already held in this very matter that such a case as this is not one within the original

jurisdiction of this court, because it does not affect either "the sovereignty of the state, its franchises or prerogatives, or the liberties of its people." *In re Hartung*, 98 Wis. 140. Hence it is a case within the jurisdiction of the circuit court or court of general jurisdiction. The circuit court is given by the constitution the same writs which are given to the supreme court; but, as pointed out in the *Railroad Cases*, they are given to the circuit courts as an appurtenance to their general jurisdiction, and the writ of injunction, as given to the circuit court, is not a prerogative or jurisdictional writ, but is the order of a court of equity, made in the progress of a suit, and is taken by the circuit court simply with the powers and uses of the English court of chancery. Therefore it seems clear that the rule adopted in this court with reference to the *quasi* prerogative writ of injunction as given to this court has no necessary application to the purely equitable writ of injunction possessed by the circuit courts, to be used according to the powers and uses of the court of chancery. Nor do we deem it in any view desirable to extend the rule to such cases. Hence it follows that this action was never in fact an action on behalf of the state, because the state has never been represented by its proper law officer, and the court has no power to authorize a private relator to act *pro hac vice* as such officer.

It has not been necessary to discuss or decide in this opinion whether the attorney general or the district attorney is the proper officer to file such an information as is now before us, in the circuit court. The constitution provides that the powers and duties of the attorney general shall be prescribed by law. Const. art. VI, sec. 3. His general duties are laid down in sec. 163, Stats. 1898. It is made his duty to appear and prosecute and defend all actions and proceedings, civil or criminal, in the supreme court, in which the state shall be interested or a party, and all such civil cases as may be sent or remanded by that court to any circuit court, and to appear for the state in any court in any cause

or matter, civil or criminal, in which the state or the people may be interested, whenever requested by the governor or either branch of the legislature. He is also required to perform all other duties imposed on him by law. Sec. 3236, Stats. 1898, gives the attorney general power to commence an action in the name of the state in any circuit court against a corporation, and obtain an injunction restraining the corporation from assuming or exercising any franchise, liberty, or privilege, or transacting any business, not authorized by its charter. By sec. 752, Stats. 1898, the district attorney is required to prosecute or defend all actions, applications, or motions, civil or criminal, in the circuit court of his county, in which the state or county is interested or a party. Whether in the present case the attorney general or the district attorney was the proper public officer to file and prosecute the information is an interesting question, but it was not argued, and, as it is not necessary to the decision of the case, we refrain from expressing an opinion upon it.

The view taken of the case makes it necessary to dismiss the appeal. As it was not an action brought by the state, but by a private party, an effective appeal could not be taken without the giving of an undertaking. None was given in this case. Stats. 1898, secs. 3049–3052.

*By the Court.*— Appeal dismissed.