THE STATE and another, Respondents, vs. WISCONSIN CEN-
TRAL RAILROAD COMPANY, Appellant.

*March 21—April 17, 1906.*

*Railroads: Restriction of speed of trains: Forfeitures: Statutes con-
strued: Joinder of parties: Reasonableness of regulation.*

1. Sec. 1809a, Stats. 1898, prohibits the running of trains or en-
   gines faster than fifteen miles an hour in cities and villages
   in which gates are maintained as therein provided; but sec.
   1809 still prohibits a greater speed than six miles an hour in
   all other cities and villages, and a violation of sec. 1809 sub-
   jects a railroad corporation to the forfeiture prescribed in sec.
   1819.
2. In an action to recover a forfeiture under sec. 1819, Stats. 1898,
   the person prosecuting and alleged to be entitled to one half
   the forfeiture may join with the state as party plaintiff, under
   sec. 3297.
3. Legislative restriction of the speed of railroad trains to six
   miles an hour in cities and villages is not unreasonable.

APPEAL from an order of the circuit court for Waupaca
county: CHAS. M. WEBB, Circuit Judge. *Affirmed.*

Appeal from order overruling demurrer to complaint by the
state of *Wisconsin* and *Charles F. Crane* as plaintiffs, which
alleges that defendant operates its railroad through the village
of Weyauwega and across a traveled street at grade, and that
no gates are maintained; that defendant is indebted to the
plaintiffs in the sum of $5,500 according to the provisions
of secs. 1809, 1819, Stats. 1898, by reason of having on eleven
specified occasions, by its officers, agents, and servants, run
trains across said street at rates exceeding six miles per hour,
such rates varying on the different occasions from nine and
one-half miles on one to forty-five miles on another. Judg-
ment for the $5,500 and costs is demanded. The demurrer
asserts three grounds: (1) That the plaintiffs have not legal
capacity to sue; (2) that several causes of action have been

improperly united; and (3) that the complaint does not state facts sufficient to constitute a cause of action.

For the appellant there was a brief by *Howard Morris* and *Thos. H. Gill,* and oral argument by *Mr. Gill.*

The *Attorney General,* for the respondents.

DODGE, J. Appellant's principal contention seems to be that sec. 1809*a,* Stats. 1898, must be considered as an amendment and, therefore, a part of sec. 1809, Stats. 1898, so that the only penalty ascribable to any disobedience of either is that denounced by sec. 1809*a* against any violation "of the provisions of this section." This view is erroneous. As decided in *Schroeder v. Wis. Cent. R. Co.* 117 Wis. 33, 93 N. W. 837, sec. 1809, prohibiting running of trains through any city or village faster than six miles per hour, stands as it always had prior to the enactment of what is now sec. 1809*a,* except that, since the two statutes are generally *in pari materia,* the latter and more specific must be deemed to have carved out of the broader field covered by sec. 1809 that particular situation with which sec. 1809*a* deals, namely, a city or village where gates are maintained by order of the city government, and to contain the whole law on that subject. *Nolan v. Milwaukee, L. S. & W. R. Co.* 91 Wis. 16, 64 N. W. 319. The result is that sec. 1809 still prohibits a rate exceeding six miles an hour in all cities and villages, except those where gates are so maintained. The offense of running trains at a rate exceeding fifteen miles per hour in gated municipalities is a wholly distinct and separate one, with which alone sec. 1809*a* deals, and upon which is imposed the penalty expressed in that section. It results, of course, that disobedience of the prohibition declared in sec. 1809 is subject to the penalty denounced by sec. 1819, namely:

"If any railroad corporation, its officers, agents or servants shall violate or fail to comply with any of the provisions of this chapter for which no forfeiture is otherwise specially

provided such corporation shall, for each and every such violation or failure, forfeit not less than fifty nor more than five hundred dollars, one half to the person prosecuting, and in addition be liable to the person injured for all damages sustained thereby."

Sec. 3297, Stats. 1898, expressly authorizes the joining with the state of the person entitled to any portion of the forfeiture, as the plaintiff *Crane* is alleged to be, under the provisions of sec. 1819. This view, of course, disposes of the further contention that the penalty denounced by sec. 1809a can be recovered only in an action in the name of the state alone, and that, since such penalty is only made "additional" to damages for a private injury, it cannot be recovered in absence of allegation and proof of such private injury.

A contention that a restriction by the legislature of the rate of railroad trains to six miles an hour in cities and villages is unreasonable cannot be sustained. That question is obviously within the field of legislative discretion in enacting police regulations. Nor can we discover absurdity in imposing a smaller penalty on running trains more than fifteen miles per hour over guarded street crossings than at six miles an hour where there are no such protections. If the precautions against access by the street to the railroad tracks were perfect, doubtless the legislature might forego all restraint of speed or penalty therefor.

*By the Court.*—Order affirmed.

CASSODAY, C. J., took no part.