McGovern, Trustee, Respondent, vs. Kraus and wife: Eckhart, imp., Appellant.

*March 10—April 5, 1927.*

*Penalties: Who may enforce: Taking stallion note not stating consideration: Pleading: Statement of cause of action: Aider by allegations elsewhere in pleading.*

1. A right of action to recover a penalty under sec. 116.04, Stats., for taking a note in payment for stallions without writing on the face of the note a statement to that effect, as required by sec. 116.03, is *held*, in view of secs. 288.01 and 288.02, to be in the state exclusively. p. 562.

2. In an action by the trustee in bankruptcy of the maker of a note alleged to have been given as the purchase price of stallions, without stating the consideration thereof on its face, as required by secs. 116.03 and 116.04, Stats., an allegation that, if the note was sold or transferred, the transferee had knowledge that the consideration consisted of the sale of the animals, does not state a cause of action against the payee for damages on the theory that the note was void before the transfer, but that the transfer to an innocent holder resulted in liability and hence in damage to the maker. pp. 562, 563.

3. Where a complaint consists of three causes of action, each cause must stand or fall on its allegations; and, unless allegations from preceding causes are expressly incorporated in the third cause, they do not become a part thereof. Neither can allegations in the answer to the first two causes of action be looked to in ruling on the sufficiency of the third cause. p. 563.

Appeal from an order of the circuit court for Vernon county: R. S. Cowie, Circuit Judge. *Reversed.*

The appeal is from an order overruling the general demurrer to the third cause of action set forth in plaintiff's complaint.

For the appellant there was a brief by *C. J. Smith,* attorney, and *J. Henry Bennett,* of counsel, both of Viroqua, and oral argument by *Mr. Smith.*

For the respondent there was a brief by *Grady, Farnsworth & Walker* of Portage, and oral argument by *Daniel H. Grady.*

DOERFLER, J. The complaint contains three alleged causes of action, in each of which separate and distinct relief is prayed for. To the third cause of action the defendant *Eckhart* interposed a general demurrer, which was overruled by the court, and from such order such defendant has appealed.

In the third cause of action the plaintiff re-alleges and reincorporates therein all of the allegations contained in paragraphs 1 to 3, inclusive, of the first cause of action. In the first paragraph of the first cause of action it is alleged that the defendant Kraus filed a petition in bankruptcy in the United States district court for the Western district of Wisconsin, and that he was duly adjudged a bankrupt. In the second paragraph of the first cause of action he alleges in substance that the plaintiff was duly elected and appointed as trustee in bankruptcy; that he duly qualified as such; and that he is now such duly qualified and acting trustee. In the third paragraph of such first cause of action he alleges that the defendant Fred Kraus was indebted to divers persons, firms, and corporations in large sums, which indebtedness continued and existed at the time of the bankruptcy.

In the third cause of action it is further alleged as follows:

"1. On or about November 19, 1924, defendant *Eckhart* took and obtained from defendant Kraus a promissory note executed by the latter for the sum of $6,000, being the same note as is referred to in paragraph No. 8 of the foregoing first cause of action and paragraph No. 6 of the foregoing second cause of action.

"2. That, as plaintiff is informed and believes, defendant *Eckhart* gives out and claims that the consideration for said note was two stallions and two mares sold by him to defendant Kraus; that if any consideration whatsoever existed therefor it was such sale of said stallions and mares.

"3. That said note did not have written or printed thereon in red ink, or otherwise, 'The consideration for this note is the sale of a lightning rod, stallion, boar or brood sow, or interest therein, as the case may be,' or any words of like or similar import, nor did it contain any recital whatsoever

as to the nature of said consideration, as required by sec. 116.03 of the Wisconsin Statutes.

"4. That if there was an actual sale of said stallions by defendant *Eckhart* to defendant Kraus, the consideration therefor is evidenced by said note, and said note was so taken and obtained in violation of law; that by reason thereof, as plaintiff is informed and believes, defendant *Eckhart* became and is liable to a penalty, equal to the face of said note, as provided in and by sec. 116.04 of the Wisconsin Statutes, and a cause of action for the recovery thereof existed in favor of defendant Kraus at the time he was adjudicated as bankrupt as hereinbefore alleged.

"5. That if said note was sold or transferred to defendant Glick, plaintiff verily believes he had knowledge of the fact that if any consideration existed therefor it consisted of the sale of said stallions and mares.

"Wherefore, in the event of the denial of the relief sought in and by the foregoing first cause of action, plaintiff demands judgment upon his third cause of action herein, declaring said $6,000 note null and void, and for the recovery of and from defendant *Eckhart* of the sum of $6,000 as damages."

Sec. 116.03 of the Statutes provides as follows:

"*Words to be printed on face of note.* All promissory notes and other evidences of indebtedness, taken or given for any lightning rod, stallion, boar or brood sow, or interest therein as the case may be, shall have written or printed thereon in red ink the words: 'The consideration for this note is the sale of a lightning rod, stallion, boar or brood sow, or interest therein, as the case may be.'"

Sec. 116.04 of the Statutes provides as follows:

"*Penalty for taking note without statement required.* Any person who shall sell a lightning rod, stallion, boar or brood sow, or any interest in a lightning rod, stallion, boar or brood sow, who shall take a promissory note or other evidence of indebtedness for the whole or any part of the consideration thereof, and who shall fail to state the consideration for said note as provided by section 116.03, or in words of similar import, shall be liable to a penalty equal to the face of the note so taken."

The plaintiff, as trustee in bankruptcy, succeeded to all the rights of the defendant Kraus. It is argued by plaintiff's counsel that inasmuch as the words required by sec. 116.03 of the Statutes were not written or printed upon the note in question, that therefore, under the provisions of sec. 116.04, Kraus, prior to the bankruptcy, could have maintained a cause of action to recover the penalty provided for in such section, and that the plaintiff succeeded to such rights.

Whatever our individual view may be as to the effect of the omission to write or print the words required by statute, in red ink upon the note, it was definitely decided by this court in the case of *Quiggle v. Herman,* 131 Wis. 379, 111 N. W. 479, that the giving or receiving of such a note is prohibited by law under a penalty. The court in its decision in the *Quiggle Case* uses the following language:

"A note given for a stallion which does not have the required words on its face is a note given in direct violation of positive law. The giving or receiving of such a note is prohibited by law under a penalty."

In the opinion in the above case it is further said:

"Hence a note so given is void because the giving of it is an illegal act, just as a contract made upon Sunday is held void because it is a transaction of business upon Sunday in violation of law." See *Cohn v. Heimbauch,* 86 Wis. 176, 56 N. W. 638.

But it is argued by plaintiff's counsel that it was the legislative intent to vest in the plaintiff a right to recover the penalty provided for by sec. 116.04 of the Statutes. Ch. 288 of the Statutes is entitled "Collection of Forfeitures." Sec. 288.01 reads as follows:

*"By civil action.* In all cases, not otherwise specially provided for by law, where a forfeiture shall be incurred by any person and the act or omission for which the same is imposed shall not also be a misdemeanor, such forfeiture may be sued for and recovered in a civil action. . . . The word

'forfeiture,' as used in this chapter, shall include any penalty, in money or goods, other than a fine."

Sec. 288.02 of the Statutes reads in part:

"*Action in name of state.* . . . Every such action, unless otherwise specially provided, shall be brought in the name of the state of Wisconsin, and the summons, pleadings and proceedings therein shall be the same as in civil actions."

There being no other provision specially provided for by the statute, the right of action to recover the penalty is in the state and not in the plaintiff. If the legislature had intended that the penalty shall be collectible by an individual it would have specially so provided. Under the *Quiggle Case* aforesaid, both the maker and the taker of the note are deemed *in pari delicto,* and are therefore left remediless. It would be an anomaly in the law if, under such circumstances, a party violating the law would be entitled to the forfeiture.

In 21 Ruling Case Law, p. 208, it is said: "The mode in which penalties shall be enforced, whether at the suit of an individual, or at the suit of the public, and what disposition shall be made of the amount collected, are merely matters of legislative discretion." Citing in support of this proposition, in note 14, *Southern Express Co. v. Comm.* 92 Va. 59, 22 S. E. 809, 41 L. R. A. 436.

It is further argued by plaintiff's counsel that a note given in violation of sec. 116.03 of the Statutes becomes absolutely void as between the original parties, but that the same is enforceable when transferred by indorsement before maturity in the hands of an innocent purchaser for value; that the transfer of such a note by the payee to an innocent purchaser would therefore result in damage to the maker, which he is entitled to recover in a proper action from the payee.

Evidently with the object of obtaining such relief, the plaintiff has seen fit, in the third cause of action, to incorporate in his complaint the following paragraph:

"That if said note was sold or transferred to defendant

Glick, plaintiff verily believes he had knowledge of the fact that if any consideration existed therefor it consisted of the sale of said stallions and mares."

This paragraph of the pleading is susceptible to two views: that the note was transferred to the defendant Glick without consideration, in which event it would be void in his hands; or that it was transferred to him upon a consideration but with full knowledge of the original consideration of the note, in which event it would also be void. Under these circumstances, how can it be said that a cause of action against the defendant *Eckhart* for damages is alleged? No allegations in the first two causes of action are incorporated in the attempted third cause of action except those above referred to. Each cause of action must stand or fall on the allegations contained therein, and unless allegations from preceding causes of action are expressly incorporated in the third cause of action they will not become a part thereof. Neither can we look to the allegations in the answer of the defendant *Eckhart* to the first two causes of action in plaintiff's complaint. See *Curtis v. Moore,* 15 Wis. 134; *Catlin v. Pedrick,* 17 Wis. 88; *Sabin v. Austin,* 19 Wis. 421.

*By the Court.*—The order of the lower court overruling the demurrer of the defendant *Eckhart* to plaintiff's third cause of action is reversed, and the cause is remanded with directions to sustain the demurrer, and for further proceedings according to law.