STATE, and others, Plaintiffs-Appellants, v. WISCONSIN TELEPHONE COMPANY, Defendant-Respondent.

Supreme Court

*No. 76–669. Submitted on briefs September 12, 1979.—Decided October 9, 1979.*
(Also reported in 284 N.W.2d 41.)

706

For the appellants Hupps the cause was submitted on the briefs of *Duane L. Arena* of Racine.

For the appellant state of Wisconsin the cause was submitted on the brief of *Bronson C. La Follette,* attorney general and *Robert D. Repasky,* assistant attorney general.

For the respondent the cause was submitted on the brief of *F. D. Huber, Jr.,* of Milwaukee.

CONNOR T. HANSEN, J.   April 18, 1975, Max D. Hupp, Roberta J. Hupp, his wife, and Larry D. Hupp and Teri Hupp, two of their adult children, commenced an action against the Wisconsin Telephone Company for a forfeiture and for damages sustained as a result of the telephone company's discontinuance of telephone service to plaintiffs' address at 7832 Highway 32, Racine, and subsequent refusal to resume service except upon payment of an allegedly excessive cash deposit.

Several amended complaints were filed.  The amended complaint now before the court in this litigation named the four members of the Hupp family and the State of Wisconsin as plaintiffs.  It was served and filed in November, 1976.

For the purpose of these proceedings we summarize the significant allegations contained in the amended complaint.  In December, 1971, Max D. Hupp had an outstanding obligation to the telephone company in the amount of $579.92 for telephone charges.  Roberta J. Hupp, his wife, contacted the respondent telephone company and proposed payment of $25 per week on the outstanding service charge.  The charge for one month's exchange service was, at all material times, $11.35, and the maximum toll charges for any two months was $944.-51.  The respondent rejected the proposal of Roberta J. Hupp and demanded payment of $300 within a week, minimum weekly payments of $50 thereafter and a $1,-000 cash deposit in the name of Max D. Hupp as a condition of continuing the service.  These conditions were not met and on December 9, 1971, telephone service was disconnected and telephones removed for nonpayment of the service bill which at that time amounted to $579.92.

December 9, 1971, Max D. Hupp filed a petition in bankruptcy. In April and November, 1972, and May, 1973, Larry D. Hupp, Roberta J. Hupp and Teri Hupp, plaintiffs-appellants, each respectively requested respondent to establish service at the Hupp residence in their individual names and based upon their credit. The respondent refused each request except upon payment of a cash deposit in the amount of $1,000.

December 18, 1974, telephone service to Max D. Hupp was reestablished upon payment of a cash deposit in the amount of $75. The complaint also alleges that on or about January, 1972, respondent acquired knowledge of the fact that Max D. Hupp had filed a petition in bankruptcy, but nevertheless permitted collection activities to be maintained against appellants, including an attempt to enforce a claim against Max D. Hupp in the amount of $823.58 by commencing a lawsuit on October 25, 1974.

The appellants demand damages from the respondent aggregating in excess of one million dollars and in doing so allege that respondent's conduct constituted a violation of secs. 196.625 and 427.104(1)(j), Stats., and Wisconsin Administrative Code secs. PSC 165.052(1)(a) and PSC 165.051(2). They also allege that respondent was liable for treble damages pursuant to sec. 196.64, Stats.

The respondent moved to dismiss the action on several grounds, hereinafter considered, and the attorney general on behalf of the State of Wisconsin, moved to dismiss the State of Wisconsin on the grounds that the state had not consented to being a plaintiff in the action and that an action for forfeiture may be brought only in the name of the state and only by the state as a plaintiff.

The trial court ordered (1) that the State of Wisconsin be dismissed and removed as a party to the action; (2) that the amended complaint of the individual plaintiffs and all causes of action contained therein, except those portions relating to Chapter 427, Stats., be dis-

missed; and (3) that the individual plaintiffs would have 20 days from the date of notice of the order to serve and file an amended complaint relating solely to the cause of action under Chapter 427. This order was entered on February 23, 1977.

The following issues are considered:

1. Does the attorney general of the State of Wisconsin have authority to move to have the State of Wisconsin dismissed as a party plaintiff in a forfeiture action brought pursuant to sec. 196.625, Stats.?

2. May a private person commence a forfeiture action pursuant to sec. 196.625, Stats., on behalf of the State of Wisconsin?

3. Does the circuit court have subject matter jurisdiction over a forfeiture action brought pursuant to sec. 196.625, Stats.?

4. Are the causes of action alleged in the amended complaint, except the causes of action under Chapter 427, Stats., barred by the statute of limitations?

5. Does the amended complaint state any cause of action apart from the causes of action under Chapter 427, Stats.?

## AUTHORITY OF ATTORNEY GENERAL.

The appellants contend the attorney general has no authority to move that the State of Wisconsin be dismissed as a party plaintiff when private persons commence forfeiture actions under sec. 196.625, Stats., and include the state as a party plaintiff.

Sec. 196.625, Stats. 1975, provides in part:

". . . and every person or corporation neglecting or refusing to comply with any of the provisions of this section shall forfeit not less than $25 nor more than $100 for each and every day such neglect or refusal shall continue, one-half of which shall go to the use of the person or corporation prosecuting therefor."

Sec. 195.07 (3), Stats. 1975 (amended and renumbered as sec. 196.44 by Chapter 29, Laws of 1977), provides in part:

". . . Any forfeiture, fine or other penalty provided in chapters 192 to 196 may be recovered as a forfeiture in a civil action brought in the name of the state. . . ."

Chapter 288, Stats., provides for the *COLLECTION OF FORFEITURES* and Sec. 288.02, Stats. 1975 (amended by ch. 29, Laws of 1977), states in part:

". . . Every such forfeiture action shall be in the name of the state of Wisconsin, . . ."

In this state, the attorney general has no common-law powers or duties. *State ex rel. Beck v. Duffy,* 38 Wis.2d 159, 163, 156 N.W.2d 368 (1968) ; *State ex rel. Reynolds v. Smith,* 19 Wis.2d 577, 584, 120 N.W.2d 664 (1963) ; *State ex rel. Jackson v. Coffey,* 18 Wis.2d 529, 538, 118 N.W.2d 939 (1963) ; *State v. Snyder,* 172 Wis. 415, 417, 179 N.W. 579 (1920). This court has stated:

"Wisconsin, unlike numerous states, has specifically circumscribed the powers and duties of the office of the attorney general. Art. VI, sec. 3 of the Wisconsin Constitution limits those powers and duties to those 'prescribed by law.' This constitutional principle has been interpreted by the courts in numerous decisions as removing from the office of the attorney general any powers and duties which were found in that office under common law. *State ex rel. Beck v. Duffy* (1968), 38 Wis.2d 159, 163, 156 N.W.2d 368; *State ex rel. Jackson v. Coffey* (1963), 18 Wis.2d 529, 118 N.W.2d 939; *State v. Snyder* (1920), 172 Wis. 415, 179 N.W. 579. The attorney general is devoid of the inherent power to initiate and prosecute litigation intended to protect or promote the interests of the state or its citizens and cannot act for the state as *parens patriae. See generally:* Christenson, *The State Attorney General,* 1970 Wis. L. Rev. 298. Such power must be specifically granted by the

legislature. Unless the power to prosecute a specific action is granted by law, the office of the attorney general is powerless to act." *In Estate of Sharp,* 63 Wis.2d 254, 260, 261, 217 N.W.2d 258 (1974).

Sec. 165.25, Stats. 1975 (subsection (1) was amended by chs. 29 and 187, Laws of 1977), provides:

"165.25 **Duties of department of justice.** The department of justice shall:
(1) REPRESENT STATE. Appear for the state and prosecute or defend all actions and proceedings, civil or criminal, in the supreme court, in which the state is interested or a party, and attend to and prosecute or defend all civil cases sent or remanded by the supreme court to any circuit court in which the state is a party; and, when requested by the governor or either branch of the legislature, appear for the state and prosecute or defend in any court or before any officer, any cause or matter, civil or criminal, in which the state or the people thereof may be in anywise interested. All expenses of such proceedings shall be charged to the sum sufficient case account of the department of justice under s. 20.-455(2) (d).
"(2) PROSECUTE BREACHES OF BONDS AND CONTRACTS. Prosecute, at the request of the governor, or of the head of any department of the state government any official bond or any contract in which the state is interested, deposited with any of them, upon a breach thereof, and prosecute or defend for the state all actions, civil or criminal, relating to any matter connected with any of their departments except in those cases where other provision is made."

More specifically, sec. 195.07(2), Stats. 1975 provides:

". . . Upon request of the commission, the attorney-general or the district attorney of the proper county shall aid in any investigation, hearing or trial had under the provisions of those chapters, [chapters 195 and 196] and shall institute and prosecute all necessary actions or proceedings for the enforcement of all laws relating to railroads or public utilities, and for the punishment of all violations thereof."

The record in this case clearly indicates that the attorney general was appearing in behalf of the State of Wisconsin and the public service commission which wanted the action dismissed and not prosecuted as a forfeiture proceeding. This fact is not controverted in any manner and therefore it is presumed that the attorney general had authorization to make the motion to dismiss in his official capacity and on behalf of the state and the public service commission. *Martin v. Smith,* 239 Wis. 314, 325, 1 N.W.2d 163 (1941). In this case we conclude the actions of the attorney general were within the general concept of his duties and authorized by sec. 195.07 (2), Stats.

### REPRESENTATION OF STATE OF WISCONSIN BY A PRIVATE PERSON.

Both secs. 288.02 and 195.07(3), Stats. 1975, require a forfeiture action under sec. 196.625 to be brought in the name of the State of Wisconsin. Appellants contend that a private person may commence a forfeiture action under sec. 196.625 and the State of Wisconsin impliedly consents to participate in any such action. They assert that sec. 288.02 gives private persons the authority to bring such actions on behalf of the state.

In *McGovern v. Eckhart,* 192 Wis. 558, 213 N.W. 332 (1927), this court construed secs. 288.01 and 288.02, Stats., and concluded that the right to proceed in a forfeiture action was with the state and not with an individual. The provisions of ch. 288 which were considered by the court in that case were the same as the present provisions. This court stated:

"There being no other provision specially provided for by the statute, the right of action to recover the penalty is in the state and not in the plaintiff. . . ." *Id.* at 562.

Furthermore, this court has expressed its disapproval of private persons purporting to bring actions on behalf of the state. In *State ex rel. Hartung v. City of Milwaukee,* 102 Wis. 509, 78 N.W. 756 (1899), a private person brought an action to enjoin the continuance of an alleged public nuisance. Before bringing the action he requested the attorney general to bring suit in the name of the state. The attorney general denied the request, whereupon the relator, upon notice to the attorney general, applied to the circuit court for leave to prosecute the case in the name of the attorney general and on behalf of the state. The circuit court granted leave. This court dismissed the appeal because

". . . this action was never in fact an action on behalf of the state, because the state has never been represented by its proper law officer, and the court has no power to authorize a private relator to act *pro hac vice* as such officer." *Id.* at 514.

The court also stated:

". . . We have been referred to no case, however, which holds that this action on behalf of the public may be maintained by a private relator without the presence of the proper law officer of the state. It is true that the expression is frequently used that the information may be filed either by the attorney general *ex officio, or* upon the relation of a private person . . . But this does not mean that a private relator may prosecute alone, and without the presence of the proper law officer of the state. It simply means that a private person, especially interested perhaps, may make the sworn relation upon which the attorney general or other proper prosecuting officer of the state founds his action." *Id.* at 512, 513.

■
Similarly, the phrase in sec. 196.625, Stats., "one-half of which shall go to the use of the person or corporation prosecuting therefor," cannot be construed to mean that a private person could commence a forfeiture action

alone, and thus force the state to become a party without the presence of the attorney general, as appellants contend. Rather it must be held to mean that a private person could prosecute in conjunction with the state pursuant to sec. 288.04, which provides in part, "In case a portion of any forfeiture shall belong or shall be payable to any person, he *may* join with the state as a plaintiff; . . ." (Emphasis supplied.)

In *State v. Wisconsin Central Railroad Co.,* 128 Wis. 79, 107 N.W. 295 (1906), this court stated:

"Sec. 3297, Stats. 1898, [presently sec. 288.04] expressly authorizes the joining with the state of the person entitled to any portion of the forfeiture, as the plaintiff *Crane* is alleged to be, under the provisions of sec. 1819. . . ." *Id.* at 81.

Sec. 1819 was similar to sec. 196.625 in that it provided that ". . . such corporation shall, for each and every such violation or failure, forfeit not less than fifty nor more than five hundred dollars, one half to the *person prosecuting,* . . ." (Emphasis supplied.) *Id.* at 81. In that case, the state was represented by the attorney general and the private plaintiff was permitted to join with the state in the action.

This court has stated that in interpreting statutes, they must be construed so as to give effect to every part, and it should not be presumed that any part of a statute is superfluous. *Associated Hospital Service v. Milwaukee,* 13 Wis.2d 447, 463, 109 N.W.2d 271 (1961). Stated differently, a statute should not be construed so as to render any portion or word surplusage. *State v. Ross,* 73 Wis.2d 1, 5, 242 N.W.2d 210 (1976); *Mulvaney v. Tri State Truck & Auto Body, Inc.,* 70 Wis.2d 760, 764, 235 N.W.2d 460 (1975). If a private individual could compel the state to bring a forfeiture action or could bring an action in the name of the state, it would

render meaningless that portion of sec. 288.04, Stats., which permits a person to join with the state.

## *JURISDICTION OF CIRCUIT COURT.*

Appellants next argue that the circuit court has subject matter jurisdiction over forfeiture actions commenced under sec. 196.625, Stats., since forfeiture actions are civil actions. Respondent, on the other hand, contends that the public service commission is the preferred forum.

Sec. 288.01, Stats. 1975, provides,

". . . Where a forfeiture imposed by statute shall be incurred it may be recovered in a *civil action* unless the act or omission is punishable by fine and imprisonment or by fine or imprisonment. The word forfeiture, as used in this chapter, includes any penalty, in money or goods." (Emphasis supplied.)

And, more specifically, sec. 195.07 (3), Stats. 1975, states that any forfeiture provided in chapter 196 may be recovered in a "civil action." Clearly, sec. 196.625 imposes a forfeiture, and "civil actions" are governed by the rules in ch. 801, *et seq.*, Stats. (formerly ch. 260 *et seq.*), which set forth the procedures to be used in circuit court. "Civil action" does not mean a hearing before the public service commission.

Furthermore, sec. 196.76, Stats. 1975, states in part:

". . . all penalties and forfeitures accruing under said chapters [chs. 196 and 197] shall be cumulative and a *suit* for any recovery of one shall not be a bar to the recovery of any other penalty." (Emphasis supplied.)

Obviously, the legislature contemplated that any forfeitures imposed by sec. 196.625 are to be recovered by suing in court and not by requesting a hearing before the public service commission.

Respondent cites sec. 196.02(1), Stats., in support of its contention that the public service commission has primary jurisdiction in this case and that the trial court should yield to it. That section provides:

"(1) The commission is vested with power and jurisdiction to supervise and regulate every public utility in this state, and to do all things necessary and convenient in the exercise of such power and jurisdiction."

This court has stated:

"The Public Service Commission may exercise only such power 'as is expressly or by inference conferred upon it' by statute. *Eau Claire v. Wisconsin-Minnesota Light & Power Co.*, 178 Wis. 207, 215, 189 N.W. 476 (1922).
" 'The commission does not exercise the entire regulatory power of the state. It may exercise only such powers as the legislature has seen fit to confer upon it and those powers must be exercised in the manner prescribed.' *Wisconsin Telephone Co. v. PSC*, 232 Wis. 274, 326, 287 N.W. 122 (1939)." *Friends of Earth v. Public Service Commission*, 78 Wis.2d 388, 400, 254 N.W.2d 299 (1977).

Nowhere in chapter 196, Stats., has the legislature given the public service commission the express or implied power to impose a forfeiture for a violation of sec. 196.625. The legislature has expressly stated that such a forfeiture is to be recovered in a civil action.

In the present case appellants seek a forfeiture, alleging that respondent wrongfully disconnected their telephone service. Thus, the trial court had jurisdiction to hear the case.

Furthermore, the doctrine of primary jurisdiction would not deprive the court in this case of subject matter jurisdiction, since the primary jurisdiction rule is not

concerned with subject matter jurisdiction. *Beal v. First Fed. Sav. & Loan Asso. of Madison,* 90 Wis.2d 171, 197, 279 N.W.2d 693 (1979); *Browne v. Milwaukee Board of School Directors,* 69 Wis.2d 169, 175, 230 N.W.2d 704 (1975); *Wisconsin Collectors Asso. v. Thorp Finance Corp.,* 32 Wis.2d 36, 49, 145 N.W.2d 33 (1966).

## STATUTE OF LIMITATIONS.

The appellants seem to argue that none of the forfeiture causes of action alleged are barred by sec. 893.21, Stats. (Limitation on Commencement of Actions), and also more specifically that the forfeiture causes of action alleged under sec. 196.625 are not barred.

In their complaint appellants have attempted to allege violations of sec. 196.625, Stats., and Wis. Adm. Code secs. PSC 165.052(1)(a) and PSC 165.051(2).

Sec. 196.625, Stats., provides that every person or corporation neglecting or refusing to comply with the provisions of that statute shall forfeit not less than $25 nor more than $100 "for each and every day such neglect or refusal shall continue." Wis. Adm. Code sec. PSC 165.01 (4) provides that the "manner of enforcing the rules in Chapter PSC 165 is prescribed in section 196.66, Wis. Stats. . . ." Thus, enforcement of Wis. Adm. Code secs. PSC 165.052 and PSC 165.051 is governed by sec. 196.66. Sec. 196.66, Stats. 1975, provides:

". . . (1) If any public utility shall violate any provision of chapter 196 or 197, or shall do any act therein prohibited, or shall fail or refuse to perform any duty enjoined upon it for which a penalty has not been provided, or shall fail, neglect or refuse to obey any lawful requirement or order made by the commission or the municipal council or any judgment or decree made by any court upon its application, for every such violation, failure or refusal such public utility shall forfeit not less than twenty-five dollars nor more than one thousand dollars.

"(2) Every day during which any public utility or any officer, agent or employe thereof shall fail to observe and comply with any order or direction of the commission or to perform any duty enjoined by chapter 196 or 197, shall constitute a separate and distinct violation."

Therefore, every day during which respondent is alleged to have violated sec. 196.625 and Wis. Adm. Code secs. 165.052(1)(a) and PSC 165.051(2) is a separate violation.

The statute of limitations applicable to the forfeiture causes of action in sec. 893.21(1), Stats. That statute provides:

". . . Within 2 years:
"(1) An action by a private party upon a statute penalty or forfeiture when the action is given to the party prosecuting therefor and the state, except when the statute imposing it provides a different limitation."

The statute of limitations begins to run against a cause of action at the time that the cause of action accrues. *Hartford Fire Ins. Co. v. Osborn Plumbing,* 66 Wis.2d 454, 461, 225 N.W.2d 628 (1975).

". . . A cause of action accrues when there is 'a claim capable of present enforcement, a suable party against whom it may be enforced, and a party who has a present right to enforce it.' *Holifield v. Setco Industries, Inc.,* 42 Wis.2d 750, 754, 168 N.W.2d 177 (1968), quoting *Barry v. Minahan,* 127 Wis. 570, 573, 107 N.W.2d 488 (1906) . . ." *Sussman v. Gleisner,* 80 Wis.2d 435, 441, 259 N.W.2d 114 (1977).

Appellants have alleged that on December 2, 1971, respondent demanded a $1,000 cash deposit as a condition of continuing or reestablishing telephone service in the name of Max D. Hupp. On December 7, 1971, telephone service to Mr. Hupp was disconnected. Thereafter, on

April 5, 1972, November 15, 1972, and May 1, 1973, respectively, respondent allegedly refused to reestablish telephone service at the Hupp address at the request of Larry Hupp, Roberta Hupp and Teri Hupp, unless they deposited $1,000. Telephone service to Mr. Hupp was reestablished on December 18, 1974. Appellants have attempted to allege that respondent was in violation of sec. 196.625, Stats., as to Max Hupp from December 2, 1971, and was in violation of that statute as to the other three individual plaintiffs from the date on which they requested that telephone service be reestablished, until December 18, 1974.

Since every day during which respondent allegedly failed to perform its duty under sec. 196.625, Stats., constitutes a separate violation of that statute, a cause of action accrued in favor of appellants on each of those days of alleged violation. The same is true of those causes of action based upon violations of Wis. Adm. Code, ch. PSC 165. The present action was commenced on April 18, 1975. Thus, sec. 893.21(1), Stats., is a bar to any of the forfeiture claims based upon statutory violations which occurred more than two years prior to April 18, 1975. This is so even if the State of Wisconsin were a proper party to this action.

One additional point must be considered. Each of appellants has demanded $100 for every day that respondent was in violation of sec. 196.625, Stats., as to him or her. According to appellants, then, respondent would be required to forfeit up to $400 per day. This is erroneous. Sec. 196.625 expressly provides that every person or corporation in violation of that statute "shall forfeit not less than $25 nor more than $100 for each and every day" of violation. Respondent cannot be required to forfeit more than $100 per day.

*CAUSES OF ACTION APART FROM CAUSES
OF ACTION UNDER CH. 427, STATS.*

The respondent moved to dismiss under sec. 802.06, Stats. We have held that a motion to dismiss for failure to state a cause of action under sec. 802.06 "is the same as the purpose of the old demurrer—to test the legal sufficiency of the claim." *Morgan v. Pennsylvania General Ins. Co.*, 87 Wis.2d 723, 731, 275 N.W.2d 660 (1979); and

"The standards a trial court is to apply in ruling on demurrers is firmly established. The rules were recently summarized by this court in *International Found. Emp. Benefit Plans v. Brookfield*, 74 Wis.2d 544, 548, 247 N.W. 2d 129 (1976) :

" 'The demurrer tests only the legal sufficiency of the pleading. All material statements of fact well-pleaded are considered true while legal conclusions or erroneous conclusions from the facts as pleaded are not. *Val-Lo-Will Farms v. I. Azoff & Asso.*, 71 Wis.2d 642, 238 N.W.2d 738 (1976); *Drake v. Milwaukee Mut. Ins. Co.*, 70 Wis.2d 977, 236 N.W.2d 204 (1975); *De Bauche v. Knott*, 69 Wis.2d 119, 230 N.W.2d 158 (1975); *Scheeler v. Bahr*, 41 Wis.2d 473, 164 N.W.2d 310 (1969). A demurrer to a complaint admits the facts which are well-pleaded but denies that they have the legal consequences asserted by the plaintiff. *Scheeler, supra,* 476.

" '. . . The plaintiff is bound by the facts he alleges but not by his theory of recovery. *Val-Lo-Will Farms, supra,* 644; *Milwaukee County v. Schmidt, Garden & Erickson,* 43 Wis.2d 445, 168 N.W.2d 559 (1969); *Nelson v. La Crosse Trailer Corp.,* 254 Wis. 414, 37 N.W.2d 63 (1949).'

"In *State v. Ross,* 73 Wis.2d 1, 3, 4, 242 N.W.2d 210 (1976), we stated:

" 'The rules relating to review of orders overruling or sustaining demurrers were set forth by this court in

*Weiss v. Holman* (1973), 58 Wis.2d 608, 614, 207 N.W.2d 660:

" ' ". . . The following oft reiterated rules relating to review of orders overruling or sustaining demurrers are applicable: (1) Pleadings are to be liberally construed with a view to substantial justice between the parties and are entitled to all reasonable inferences in favor of the pleadings which may be drawn from the facts pleaded; (2) all material well-pleaded facts are to be taken as true; . . ." '

"Since motions to dismiss under sec. 802.06(2), Stats., serve basically the same purpose as demurrers, the preceding rules on demurrers are equally relevant to matters involving sec. 802.06(2) motions and should be held to apply to them. . . ." *Hartridge v. State Farm Mut. Auto. Ins. Co.*, 86 Wis.2d 1, 4, 5, 271 N.W.2d 598 (1978).

Appellants have attempted to state causes of action under sec. 196.625, Stats., and Wis. Adm. Code secs. PSC 165.052(1)(a) and 165.051(2).

Sec. 196.625, Stats., provides:

". . . It shall be the duty of every telephone company, or person, firm or corporation engaged in the business of supplying the public with telephones and telephonic service or operating a telephone exchange to receive and transmit without discrimination messages from and for any other company, person or persons upon tender or payment of the usual or customary charges therefor; and upon such payment or tender of the usual or customary rental sum it shall be the duty of every telephone company, person, firm or corporation engaged in the business of leasing telephones to the public or supplying the public with telephones and telephonic service or operating a telephone exchange to furnish, without unreasonable delay or without discrimination and without any further or additional charge to the person, firm or corporation applying for the same, including all telegraph companies or other telephone companies, a telephone or telephones with all the proper or necessary fixtures, as well as connection with the central office or telephone exchange, if desired, and to connect the telephone of such person, firm or corporation with the

telephone of any other person, firm or corporation having a connection with the same or a connecting exchange or central office, whenever requested to do so, without regard to the character of the messages to be transmitted provided they are not obscene or profane; . . ."

Wis. Adm. Code secs. PSC 165.052(1)(a) and PSC 165.051(2), which were in effect at the time this action was commenced, provided:

PSC 165.052 "(1) CASH DEPOSITS (a) The amount of deposit required shall not exceed the bill for 1 month's exchange service plus estimated toll charges for 2 months."

PSC 165.051 "(2) The utility may not refuse establishment or re-establishment of service of satisfactory arrangements are made for payment of bills for future service except as provided in subsection (6)(a) below.
". . .
"(6) The utility may not attempt to collect by the threat of disconnection or by refusal of service:
"(a) For delinquency in payments at another location unless service was continuous from the other location to the new location and no final bill was rendered with respect to such service."

In support of their causes of action under sec. 196.625, Stats., appellants have alleged:

". . . the said defendant is indebted to the plaintiffs in the sum of . . . according to the provisions of Section 196.625, chapter 196, of the revised Statutes of the State of Wisconsin; the particular offense or delinquency thereunder being a refusal to furnish, without unreasonable delay or without discrimination and without any further or additional charge to the person applying for same, . . . a telephone and telephone service, upon payment or tender of the usual and customary rental sum."

Sec. 288.02, Stats., applicable to all forfeiture actions, provides in part:

". . . it shall be sufficient to allege in the complaint that the defendant is indebted to the plaintiff in the

amount of the forfeiture claimed, according to the provisions of the statute which imposes it, specifying the statute. And when such statute imposes a forfeiture for several offenses or delinquencies the complaint shall specify the particular offense or delinquency for which the action is brought, with a demand for judgment for the amount of such forfeiture. . . ."

The appellants have complied with sec. 288.02, Stats., to the extent that they have (1) alleged that respondent is indebted to them in a specific amount, (2) specified the statute according to the provisions of which, respondent is indebted to them, (3) specified the particular offense for which the action is brought, and (4) demanded judgment for the amount of the forfeiture. However, sec. 196.625 states that it is the duty of every telephone company to furnish a telephone and telephone service "upon such payment or tender of the usual or customary rental sum." Appellants have alleged that at the time the telephone service to 7832 Highway 32 was disconnected and at the time each of them requested respondent to reestablish telephone service, the amount of the unpaid bill was $579.92. Appellants have further alleged that prior to the disconnection they proposed to respondent payments of $25 per week on the outstanding balance. Thus the appellants failed to allege that they paid or tendered the "usual or customary rental sum." Therefore, since there was an absence of an allegation of a tender or payment of the usual rental sum, appellants have failed to allege that respondent had a duty to furnish telephone service to 7832 Highway 32.

Also, Wis. Adm. Code sec. PSC 165.01(4) and sec. 196.66, Stats., provide that actions for violations of Wis. Adm. Code secs. PSC 165.052 and 165.051 are forfeiture actions to which chapter 288, Stats., in general, and sec. 288.02, in particular, apply.

In support of their claim that respondent violated Wis. Adm. Code secs. PSC 165.052(1)(a) and PSC 165.051(2), appellants have alleged:

". . . that the Wisconsin Administrative Code, to-wit, PSC 165.052(1)(a), in effect at all times material hereto, provided that the amount of cash deposit required shall not exceed the bill for 1 month's exchange service plus estimated toll charges for 2 months; that the bill for 1 month's exchange service to the plaintiff Max D. Hupp was at all times material hereto Eleven and 35/100 ($11.35) Dollars; that the maximum toll charges for any 2 months to the plaintiff Max D. Hupp is Nine hundred forty-four and 51/100 ($944.51) Dollars."

Appellants have also alleged that prior to disconnection of their telephone service and at various times subsequent to disconnection, respondent conditioned continuance or reinstatement of telephone service upon a $1,000 cash deposit. Finally, appellants have alleged that,

". . . Upon information and belief, that the One thousand ($1,000.00) Dollar cash deposit requirement was excessive and in violation of PSC 165.052(1)(a); that the refusal to re-establish service except upon payment of said amount was in violation of PSC 165.051(2); . . ."

and that "the plaintiff, . . . has been injured and sustained damages in consequence thereof in the total amount of . . ."

Sec. 288.02, Stats., expressly provides that one must allege that the defendant is indebted to the plaintiff in the amount of the forfeiture claimed. Appellants in this case have not alleged that respondent has incurred a forfeiture; instead, they have alleged that they have been personally injured as a result of respondent's violation. Secs. PSC 165.052 and PSC 165.051 do not provide personal injury causes of action, but they are to be enforced by a forfeiture action. This is clear from sec.

196.66, Stats., and Wis. Adm. Code sec. PSC 165.01(4). Since appellants have failed to plead forfeiture causes of action, the complaint does not state a cause of action under either sec. PSC 165.052 or sec. PSC 165.051.

Furthermore, PSC 165.052 provides that the deposit required cannot exceed the amount of one month's exchange service charge plus "estimated" toll charges for two months. This court held in an early case, in reference to the word "estimate," that the

". . . word precludes accuracy. Doctor Webster defines it as 'an approximate judgment or opinion as to weight, magnitude, cost and the like; a calculation without measuring or weighing.' . . ." *Shipman v. State,* 43 Wis. 381, 389 (1877).

"The ordinary and common meaning of a word may be established by definition of a recognized dictionary." *State v. Killory,* 73 Wis.2d 400, 413, 243 N.W.2d 475 (1976). Webster's New Collegiate Dictionary (1977 ed.) defines "estimate" as ". . . to judge tentatively or approximately the value, worth or significance of . . ." and "to produce a statement of the approximate cost of."

It appears from appellants' complaint that the amount of the cash deposit should have been $955.86, instead of $1,000, as respondent demanded. This is a difference of about $45. Based upon the facts set forth in the complaint it cannot be held that the cash deposit requested by the respondent exceeded the amount of one month's exchange charge plus the "estimated" toll charges for two months.

Also, appellants have failed to allege that respondent violated Wis. Adm. Code sec. PSC 165.051(2). That section prohibits a utility from refusing to establish or reestablish service "if satisfactory arrangements are made for payment of bills for future service." Nowhere in the

complaint have appellants alleged that Max D. Hupp made satisfactory arrangement for payment of future bills. The other three appellants, all members of the Hupp family, have merely alleged that they requested that respondent establish telephone service "in the name and based upon the credit of the plaintiff."

The order of the trial court is affirmed and the cause is remanded for further proceedings.

*By the Court.*—Order affirmed.