NELSON, Respondent, vs. LA CROSSE TRAILER CORPORATION, Appellant.

*March 7—April 12, 1949.*

The cause was submitted for the appellant on the briefs of *Lees & Bunge* of La Crosse, and for the respondent on the brief of *V. Downing Edwards* of La Crosse.

FAIRCHILD, J. The complaint is an attempt to state some cause of action. Plaintiff is seeking to recover three items: (1) Salary for the month of June, 1948; (2) vacation pay; (3) bonus. He is claiming his right to recover on the basis of an oral contract for employment as a design engineer and chief engineer with defendant.

In his attempt to set out a contract he alleges that he had conferences with certain officers of the defendant during the

month of October, 1944, and that "At these conferences the defendant offered the plaintiff employment as design engineer for the defendant at a salary of six thousand dollars ($6,000) a year, payable five hundred dollars ($500) per month at the end of each month which was to be effective as soon as the plaintiff could move to the city of La Crosse. The plaintiff accepted the oral offer of employment. . . ."

The complaint then states that the plaintiff began his services on November 1, 1944.

It further alleges "That on or about the 30th day of December, 1945, the defendant . . . altered and modified the original agreement of employment between the defendant and the plaintiff by promoting the plaintiff to the position as chief engineer, which was considered as a key position in the defendant's business." Then follows another conclusion that "The plaintiff's contract was further modified and altered by the defendant in that the plaintiff was to share in the bonus plan of the company for its key employees and the plaintiff's salary was to remain at six thousand dollars ($6,000) a year, payable at five hundred dollars ($500) per month at the end of each month. The plaintiff accepted these modifications." This bonus payment according to the statements in the complaint was based on the defendant's net profits before federal and state income taxes for the twelve-month period ending June 30th of each year.

Paragraph XV alleges "That the plaintiff is entitled to one week's vacation per year, in accordance with his contract of employment, if he was employed on the previous November 1st. The plaintiff has not received his one week's vacation to which he is entitled for the employment year at the time of his discharge."

The complaint may be as well drawn as it can be, but it is poorly drawn. If plaintiff does have a cause of action, if he does have a binding contract with the defendant, the allegations in the complaint do an excellent job of obscuring it. The alle-

gations are vague, general, contradictory, and certainly border too closely on being conclusions. Text writers and opinions in cases are to the effect that facts constituting the cause of action must be stated in the complaint. The issue then becomes definitely outlined by the essential facts asserted by the plaintiff and controverted by defendant. They must be of such a nature that an affirmative decision is essential to the cause of action, while a negative answer defeats a recovery. The "theory of pleading contemplates and makes provision for such issues; and if its provisions are faithfully carried out, the disputed questions of fact would be as sharply defined, and as clearly presented for decision to juries, as can be done by any other possible method." Pomeroy, Code Remedies (5th ed.), p. 637, sec. 420; also 1 Bancroft, Code Pleading, p. 70, sec. 30.

However, in determining whether a complaint is subject to a demurrer, the most liberal interpretation possible must be given to it. If the complaint states any facts on which the plaintiff can recover, it must be held to state a cause of action.

The quoted paragraphs of the complaint set out a contract for employment of the plaintiff by the defendant at a stated salary. It is a well-established rule in this state that in the absence of other facts this is a contract terminable at will. *Brooks v. National Equipment Corporation*, 209 Wis. 198, 244 N. W. 598, and cases cited therein. Plaintiff has shown no modification of the contract which gives any right to claims arising after its termination. Therefore, plaintiff cannot recover his full salary for June, 1948, the month in which he was dismissed.

As regards the bonus payment, it was not due until June 30, 1948. Plaintiff has not set forth a contract showing his right to a portion of the bonus nor shown that he was entitled to it although not in the defendant's employ at the time it was due. Those defects in the complaint are not overcome by the intimation in plaintiff's brief that "Since the defendant raises the question as to the terms and conditions of the bonus plan in its

brief, and has attempted to force the plaintiff to plead evidence, it should be mentioned at this time that the plaintiff ordinarily would have had an adverse examination of the defendant and secured certain records as to its bonus plan contained in the corporate minutes of the defendant. This was not done, as the plaintiff was of the opinion that the defendant would have appealed from said adverse examination to this court, which would have delayed this matter even further."

Furthermore it should be noted that the complaint contains this allegation in addition to those already quoted "That during the month of March, 1947, the defendant's vice-president and general manager, Francis J. Duffy, informed the plaintiff that the plaintiff had been declared in under the bonus plan by the defendant and gave to the plaintiff his bonus check for the calendar year ending December 31, 1946." This is directly contradictory to the allegation that the contract modifications of December, 1945, contained a provision for a bonus. It points to the fact that the bonus was a gratuity which plaintiff had no contract for and which he did not expect until paid it in December of 1946.

Plaintiff also asks to be paid for a week's vacation which he claims he is entitled to under his contract. If plaintiff could show a contract with definite provision for a vacation and no waiver of that provision by himself, he might be able to recover. Here the complaint shows only a contract terminable at will. Plaintiff's dismissal under such a contract left him without a claim for advantages which might have been available had he continued in service.

The most that can be said is that the complaint states a cause of action for the days in the month of June that the plaintiff did perform services for the defendant. It is that which warranted overruling the demurrer.

Plaintiff asks for double costs under sec. 251.23 (3), Stats., on the ground that defendant's appeal is frivolous and for the sole purpose of delay. It is clear that plaintiff is mistaken on

that point.    Defendant's good faith cannot be impeached because he raised an objection against plaintiff being permitted to proceed with a trial upon allegations which cannot amount to more than an assertion that defendant is indebted to him.

*By the Court.*—Order affirmed.    No costs allowed.    Defendant to pay clerk's fee.