NATIONAL FOUNDATION OF HEALTH, WELFARE & PENSION PLANS, INC., Respondent, v. CITY OF BROOKFIELD, Appellant.

*No. 290. Submitted October 1, 1974.—Decided October 29, 1974.*
(Also reported in 222 N. W. 2d 608.)

The cause was submitted for the appellant on the briefs of *George A. Schmus,* city attorney, and *Harold H. Fuhrman* of Milwaukee.

The cause was submitted for the respondent on the brief of *Lyman A. Precourt, Benjamin J. Abrohams* and *Foley & Lardner,* all of Milwaukee.

WILKIE, C. J. This appeal is from an order overruling the defendant's demurrer to a complaint in which the

plaintiff seeks a refund of real and personal property taxes paid to the defendant, city of Brookfield, on the ground that its property should be tax exempt.

The only issue presented by this appeal is whether the complaint states facts sufficient to constitute a cause of action. We think not, and we therefore reverse allowing plaintiff to plead over.

Plaintiff alleges that it is a nonprofit, nonstock corporation; that it owned real estate and personal property in Brookfield upon which it paid $19,860.48 in taxes in January, 1973; and that these taxes were paid under protest. After filing a claim for a refund of almost the entire amount, and after the claim had been denied, the plaintiff commenced the present action under sec. 74.73, Stats., seeking to recover the allegedly illegal taxes and to secure a declaration that certain of its property is tax exempt under sec. 70.11 (4) as property owned and used exclusively by an educational association.

The paragraph of the complaint alleging plaintiff's entitlement to the exemption reads, in pertinent part, as follows:

"7. A portion of said real estate and all of said personal property of the plaintiff described herein is exempt from taxation by the defendant pursuant to Section 70.11 (4), *Wis. Stats.*, as property owned and used exclusively by an educational association. . . ."

Sec. 70.11 (4), Stats., provides:

"70.11 **Property exempted from taxation.** The property described in this section is exempted from general property taxes:
". . .
"(4) . . . Property owned and used exclusively by . . . educational . . . associations . . . but not exceeding 10 acres of land necessary for location and convenience of buildings while such property is not used for profit."

To qualify as an "educational association" an organization must be substantially and primarily devoted to edu-

cational purposes. Five statutory tests must be passed: (1) Plaintiff must be an educational association; (2) the property must be owned and used exclusively for the purposes of such association; (3) the property involved must be less than 10 acres; (4) the property must be necessary for location and convenience of buildings; and (5) the property must not be used for profit.

In *Milwaukee Protestant Home v. Milwaukee* [1] this court listed the statutory requirements for qualification as a tax exempt nursing home or home for the aged under sec. 70.11 (4), Stats.:

> "In order for a retirement home for the aged or a nursing home or a hospital to qualify for exempt status under sec. 70.11, Stats., '. . . it must appear that, (1) appellant is a benevolent association; (2) the personal property is used exclusively for the purposes of such association; (3) the real and personal property is not used for pecuniary profit.' . . ."

Nursing homes and homes for the aged are listed in sec. 70.11 (4) in the same place as educational associations so the requirements are similar. In *Milwaukee Protestant Home* there was no issue concerning the acreage limitation or whether the land involved was necessary for the location and convenience of buildings.

It is clear under prior decisions of this court that to qualify as an "educational association" an organization must be substantially and primarily devoted to educational purposes. [2] To determine whether this criterion is satisfied in any case requires a careful analysis of the facts concerning how the property is actually used. [3] For example, exempt status may be denied where, regarding

[1] (1969), 41 Wis. 2d 284, 293, 164 N. W. 2d 289.

[2] *Engineers & Scientists v. Milwaukee* (1968), 38 Wis. 2d 550, 157 N. W. 2d 572.

[3] *State (Board of Regents) v. Madison* (1972), 55 Wis. 2d 427, 433, 198 N. W. 2d 615 ("The use made of property determines whether it is subject to taxation or whether it is entitled to tax exemption.")

the facts in the case "as a whole"[4] the educational function is merely incidental to activities serving the personal noncharitable interests of the organization's directors.[5] Moreover, in *Engineers & Scientists v. Milwaukee*[6] the court indicated that to qualify as an "educational association" an organization must be devoted to "traditional" educational activities. Since the plaintiff organization's functions were for the continuing education and professional advancement of engineers and scientists, and included promoting greater employment opportunities for its members, the organization was held not entitled to the exemption.

Although the complaint here does expressly or by reasonable inference allege the elements specified by sec. 70.11 (4), Stats., necessary to establish a property tax exemption, it is also necessary, because of our ruling in *Engineers & Scientists*, that the complaint go further and specifically set forth facts showing that plaintiff is engaged in the kind of traditional educational activities which would entitle it to receive tax exempt status.

The complaint does allege that the plaintiff is an educational association and that the property is owned and used exclusively by the association. Although the complaint does not specify that the described real estate is less than 10 acres, this defect is of no account since even if the property is more than 10 acres the plaintiff can, if successful, receive an exemption for the first 10 acres. There is no allegation concerning the location and convenience of buildings. By liberal interpretation however,

[4] *See Milwaukee Protestant Home v. Milwaukee* (1969), 41 Wis. 2d 284, 293, 164 N. W. 2d 289, where the court said: ". . . In examining the organizational structure and method of operation, 'The facts of each case must be regarded *as a whole* . . . .' (Emphasis supplied)." quoting *Prairie du Chien Sanitarium Co. v. Prairie du Chien* (1943), 242 Wis. 262, 265, 7 N. W. 2d 832.

[5] *Frank Lloyd Wright Foundation v. Wyoming* (1954), 267 Wis. 599, 66 N. W. 2d 642.

[6] (1968), 38 Wis. 2d 550, 157 N. W. 2d 572.

an allegation that a building rests on the land for which the exemption is claimed may be inferred. The complaint does allege that the plaintiff is a nonstock, nonprofit corporation. It is reasonable, therefore, to infer that the property in question owned by the plaintiff is not used for profit. The fatal defect of the complaint as now stated, however, is that there are no supporting facts concerning the purposes and functions of the plaintiff. We think more is required, in view of *Engineers & Scientists.*[7] Specific traditional educational activities must be engaged in in order to qualify for tax exemption as an educational association.

Counsel for the plaintiff has cited *State v. Zillmann*[8] and *Gregory III v. Madison Mobile Homes Park,*[9] where this court upheld against demurrer complaints containing allegations phrased in substantially the language of an applicable statute. These cases, however, can be distinguished from the instant proceeding on the one basis that this action involves a statute, sec. 70.11 (4), whose provisions have been restrictively interpreted by a prior decision of the court. In such a situation, the complaint must contain allegations satisfying both the express terms of the statute and its judicial interpretation.

*By the Court.*—Order reversed and case remanded to allow plaintiff twenty days after remittitur in which to replead.

---

[7] *Engineers & Scientists v. Milwaukee* (1968), 38 Wis. 2d 550, 157 N. W. 2d 572.

[8] (1904), 121 Wis. 472, 98 N. W. 543.

[9] (1964), 24 Wis. 2d 275, 128 N. W. 2d 462.