DE BAUCHE, by Guardian *ad litem*, and another, Respondents, v. KNOTT and others, Defendants: MANSER and another, Appellants.

No. 484. *Submitted May 7, 1975.—Decided June 16, 1975.*
(Also reported in 230 N. W. 2d 158.)

For the appellants the cause was submitted on the brief of *Simarski, Goodrich, Brennan & Stack,* attorneys, and *Edward J. Simarski* and *Charles W. Collins* of counsel, all of Milwaukee.

For the respondents the cause was submitted on the brief of *Humke, Poole & Axel* of Sheboygan.

DAY, J. This is an appeal from an order overruling demurrers to the complaint by defendants-appellants Bruce Manser and his insurer, The Ohio Casualty Insurance Company (Ohio Casualty). The basis of the

demurrers was that the complaint did not state facts sufficient to constitute a cause of action against Bruce Manser or Ohio Casualty.

The material allegations of the complaint are as follows:

"That, on June 3, 1969, at approximately 7:30 p.m., the defendant Michael Knott, then 14 years of age, was the owner of a Crossman BB rifle.

"That, at said time, the plaintiff James L. De Bauche and a friend, Kenneth Halverson, were playing at the site of the construction of a home in the 3000 block of South 19th Street, Sheboygan, Wisconsin, when the defendants Michael Knott and Bruce Manser approached said area and engaged in playing with and conducting horseplay with the plaintiff and Kenneth Halverson.

"That, during said period of playing, by agreement between the defendants Michael Knott and Bruce Manser, the defendant Bruce Manser obtained the BB gun owned by the defendant Michael Knott from the home of Michael Knott, with the intention of said defendants Michael Knott and Bruce Manser shooting said BB gun at or in the direction of the plaintiff James L. De Bauche and Kenneth Halverson with the intent to frighten the plaintiff and Kenneth Halverson.

"That, with such intentions to frighten the plaintiff, and by agreement between the defendants Michael Knott and Bruce Manser, the defendant Michael Knott repeatedly shot the loaded BB gun in the direction of the plaintiff James L. De Bauche, striking said plaintiff.

". . . .

"That, as a proximate result of the negligence on the part of the defendants Michael Knott, Bruce Manser and Edward J. Knott or either of them, the defendant Michael Knott caused a BB from the BB gun he was firing to strike the plaintiff James L. De Bauche in the left eye, causing injury thereto which necessitated medical attention, hospital care, and surgery, and caused said plaintiff pain, suffering, inconvenience and the loss of sight."

The complaint further alleges that the defendant Bruce Manser was negligent in permitting Michael Knott to

point and aim the BB gun at the plaintiff James L. De Bauche, in permitting Michael Knott to fire the BB gun with knowledge that the plaintiff was in the direction of fire, in permitting Michael Knott to fire the BB gun with knowledge that the plaintiff was in the vicinity without first ascertaining whether said BB gun could be fired without creating an unreasonable risk of harm to the plaintiff, and in permitting Michael Knott to fire the BB gun without first taking precautions for the safety of the plaintiff, whom he knew or should have known was in the area of danger.

A hearing on the demurrers was held on March 5, 1973, and on April 17, 1973, the trial court entered an order overruling the demurrers, from which the defendants Michael Knott and Ohio Casualty appeal.

The question before us is, did the trial court err in overruling the defendants' demurrers to the complaint? The rules for a court to apply in ruling on a demurrer are very well-settled. The demurrer tests only the legal sufficiency of the pleading; all material statements of fact are considered true, while legal conclusions are not. As this court said in *Scheeler v. Bahr* (1969), 41 Wis. 2d 473, 476, 164 N. W. 2d 310:

"On demurrer it is the duty of this court to accept the allegations of the complaint as true. A demurrer to a complaint admits all facts well. pleaded, but denies that those facts have the legal consequences asserted by the plaintiff. When this court reviews a trial court's order on demurrer, it is obliged to construe the complaint liberally and to uphold it if it expressly or by reasonable inference states any cause of action. Sec. 263.07, Stats., sec. 263.27; *Estate of Mayer* (1965), 26 Wis. 2d 671, 677, 133 N. W. 2d 322."

The point is not whether the complaint states the cause of action the plaintiff believes he has pleaded. The demurrer must fail if there is any cause of action made out. *Milwaukee County v. Schmidt, Garden & Erikson*

(1969), 43 Wis. 2d 445, 453, 168 N. W. 2d 559. As this court said in *Nelson v. La Crosse Trailer Corp.* (1949), 254 Wis. 414, 417, 37 N. W. 2d 63:

"However, in determining whether a complaint is subject to a demurrer, the most liberal interpretation possible must be given to it. If the complaint states any facts on which the plaintiff can recover, it must be held to state a cause of action."

The duty of the court is not to hypothesize whether the plaintiff can actually prove his allegations; that is the task of the trier of fact. The complaint withstands the challenge of the demurrer when the facts alleged, if they were proved, would constitute a cause of action. *Theune v. Sheboygan* (1973), 57 Wis. 2d 417, 420, 204 N. W. 2d 470.

The parties to this appeal, as well as the trial court, treated this suit as a cause of action sounding in negligence; we agree with them.

Citing the allegations in the complaint as to the failure of Bruce Manser to take certain action with respect to the plaintiff at the time the gun was being fired, the defendants state that the question on appeal is, "Did Bruce Manser a lad of 14 years of age, owe a duty to James L. De Bauche, to restrain Michael Knott in the manner and method in which he operated or used the BB gun?" Having phrased the question in this manner, the defendants then argue that there was no duty owed by Bruce Manser to interfere in any way with Knott's handling of the BB gun or to take any of the specific steps that the complaint alleges should have been taken by Bruce Manser with respect to the plaintiff. To support their argument, defendants cite 57 Am. Jur. 2d, *Negligence,* p. 389, sec. 41:

"As a general rule, the law imposes no duty on one person actively to assist in the preservation of the person or property of another from injury, even though the

means by which harm can be averted are in his possession. The law does not undertake to make men render active service to their neighbors at all times because a good or brave man would do so. The law thus recognizes that there is no general duty to come to the assistance of a person who is so ill or intoxicated as to be unable to look out for himself, and it has been held that one is under no legal duty to respond to cries for help from a person clinging to an overturned canoe in deep water. There is no general duty to go to the rescue of a person who is in peril. Those duties which are. dictated merely by good morals, or by humane considerations, are not within the domain of the law."

The defendants also cite Prosser, *Law of Torts* (3d ed.), p. 336, sec. 54:

"Because of this reluctance to countenance 'nonfeasance' as a basis of liability, the law has persistently refused to recognize the moral obligation of common decency and common humanity, to come to the aid of another human being who is in danger, even though the outcome is to cost him his life."

The defendants state that Bruce Manser owed no duty to James L. De Bauche to restrict, prevent or in any way interfere with Knott's activity in aiming and shooting the gun. But the duty owed by Manser to De Bauche is the duty not to harm him by affirmative negligent acts.

As this court stated in the case of *A. E. Investment Corp. v. Link Builders, Inc.* (1974), 62 Wis. 2d 479, 483, 214 N. W. 2d 764:

"The duty of any person is the obligation of due care to refrain from any act which will cause foreseeable harm to others even though the nature of that harm and the identity of the harmed person or harmed interest is unknown at the time of the act,"

and again at page 484, this court said, "A defendant's duty is established when it can be said that it was fore-

seeable that his act or omission to act may cause harm to someone." This duty was breached when young Manser got the gun from Knott's home and placed it in Knott's hands for the express purpose, agreed to in advance by Manser and Knott, that Knott would shoot the gun at plaintiff with the intent, not to hit him, but to frighten him. The act to be performed was dangerous and one likely to cause harm. Up to the moment the pellet from the BB gun hit plaintiff in the eye, the activity carried on by Knott of shooting the gun in plaintiff's direction was the very activity that Manser and Knott had agreed that Knott should carry on. It was an activity Manser set in motion and participated in by procuring the gun and placing it in Knott's hands to further and carry out their plan. Such activity was inherently dangerous and clearly negligent.

In *Oshogay v. Schultz* (1950), 257 Wis. 323, 325, 326, 43 N. W. 2d 485, the plaintiff was told that he would be served no drinks in the defendant's tavern. The plaintiff was requested to leave and refused to do so. In an effort to frighten the plaintiff out of the tavern, the defendant took a pistol and, standing three to four feet from the plaintiff, fired, aiming at the floor; a bullet struck plaintiff's foot. Plaintiff sued for damages resulting from the negligent discharge of the gun and the jury returned a verdict for the plaintiff. In discussing the several assignments of error on defendant's appeal, this court treated the case as one sounding in negligence. It was said that there was no merit in defendant's contention that there should have been submitted to the jury a question of whether the defendant's act of firing the weapon, as opposed to hitting the plaintiff, was accidental and unintentional. The court said:

". . . we are convinced that he [defendant] was guilty of negligence as a matter of law and should have been so found. Certainly, one is guilty of negligence as a

matter of law who fires a revolver with as little effort to control the course of the bullet as defendant . . . exercised . . . . [Defendant's] act under the circumstances indicates a recklessness and a disregard for the safety and security of his patrons. . . . He did not, it is true, intend to shoot the plaintiff, but he did intend to fire the gun; the sole question was whether such act constituted negligence."

Assuming, as we must, that the facts alleged in the complaint are true, we conclude that the allegations in the complaint state a cause of action in negligence against Bruce Manser. The demurrers of the defendants were properly overruled.

*By the Court.*—Order affirmed.