71 Wis.2d 642 (1976)
238 N.W.2d 738
VAL-Lo-WILL FARMS, INC., a foreign corporation, Respondent,
v.
IRV AZOFF & ASSOCIATES, INC., a foreign corporation, and another, Appellants.
No. 631 (1974).
Supreme Court of Wisconsin.
Submitted on briefs January 7, 1976.
Decided March 2, 1976.
*643 For the appellants the cause was submitted on the brief of Godfrey, Neshek, Worth & Howarth, S. C. of Elkhorn.
For the respondent the cause was submitted on the brief of Richard P. Brugger of Lake Geneva.
HEFFERNAN, J.
This is an appeal from an order overruling a demurrer to the complaint. Irv Azoff & Associates, Inc., and Belkin Productions, Inc., the defendants, demurred on the ground that the complaint of Val-Lo-Will failed to state a cause of action. We conclude that the complaint is sufficient and affirm the trial court.
The appeal arises out of a lease of dance hall property owned by Val-Lo-Will, a foreign corporation, to Irv Azoff and others. Val-Lo-Will alleges that the terms of the lease required compliance with local regulations and conditions and that one such condition on which the town granted a license was that William C. Grunow was to be "involved" in the operation of the premises. It is further alleged that the lessees, contrary to the lease agreement and the town's conditions for operation, refused to allow Grunow to be "involved" and to carry out the town's directives as required. It is alleged that, as a consequence of the lessees' breach of the town's condition, the dance hall was enjoined from further operation, to the damage of the lessor in respect to past and future profits.
These allegations unquestionably state a cause of action. The duty of this court on an appeal from an order on demurrer is clearly defined. It has recently been stated in De Bauche v. Knott (1975), 69 Wis. 2d 119, 121, 230 N. W. 2d 158:
*644 "`On demurrer it is the duty of this court to accept the allegations of the complaint as true. A demurrer to a complaint admits all facts well pleaded, but denies that those facts have the legal consequences asserted by the plaintiff. When this court reviews a trial court's order on demurrer, it is obliged to construe the complaint liberally and to uphold it if it expressly or by reasonable inference states any cause of action. Sec. 263.07, Stats., sec. 263.27; Estate of Mayer (1965), 26 Wis. 2d 671, 677, 133 N. W. 2d 322.'"
See also: Weiss v. Holman (1973), 58 Wis. 2d 608, 614, 207 N. W. 2d 660.
Much of the dispute on this appeal arises over a question irrelevant at this stage of the proceedingsis the complaint for tort or for breach of contract? The plaintiff contends that it has stated a cause of action in tort. The defendants contend, correctly we believe, that the cause of action is not one for tort but for breach of contract.
On demurrer, however, the question which must be answered by the court is whether any cause of action has been stated upon which relief can be granted. The theory of the plaintiff's case is not controlling. A plaintiff is bound by the facts he alleges, not by his theory of recovery.
"The point is not whether the complaint states the cause of action the plaintiff believes he has pleaded. The demurrer must fail if there is any cause of action made out." Knott, supra, p. 121.
A cause of action is defined "as an aggregate of operative facts giving rise to a right or rights termed `right' or `rights of action' which will be enforced by the courts." Clark, Code Pleading (hornbook series, 2d ed., 1947), p. 127, sec. 19.
Clark, in general, takes the position that the term, cause of action, should be interpreted as referring to facts upon which one or more rights of action are *645 based, rather than the rights themselves. Hence, a change in legal theory only should not be considered the statement of a new cause.
Clark states these general principles in still another way:
"... he [the complainant] should not be forced to fulfill any requirement of having and maintaining a single legal theory of his pleadings; he should be held only to the ideal of reasonably fair notice of the facts of his case." Clark, supra, p. 261, sec. 43.
Nevertheless, the plaintiff, contrary to its own contention, alleges the breach of a contractual duty. The defendant lessees failed to comply with the promises of the lease to the damage of the plaintiff. This is a simple cause of action for breach of contract. The duty of one party to the other in this case arises, not by operation of law, but because of the relationship between them created by their mutual covenants.
We need not belabor the point here, and the facts of the case do not require that we define, if we could, the exact parameters of the fields of tort and contract. Suffice it to say, they are not exact, and any attempt at definition is purposeless here, for the defendants, although steadfastedly maintaining that no cause of action is stated in tort, concede the facts would be sufficient to state a cause of action in contract, were it not for a condition subsequent in the lease itself. This clause, whatever it be denominated, provides:
"In the event the operation at Majestic is terminated by any authority of Linn township, Walworth county, or state of Wisconsin, said lease shall immediately terminate and be void and of no further effect, and party of the first part shall be permanently restrained from operating said demised premises in any similar manner during the term described herein."
Defendants thus argue that the complaint's cause of action in contract is vitiated by that lease condition incorporated *646 by reference in the complaint. Defendants argue that, since the lease was admittedly terminated as the result of the town's closing clown the premises and issuing an injunction, and the lease was thereafter to be "void," no rights or damages could inure to the lessor from the date of the termination. As the defendant lessees express their position:
"It follows that, with the closing of `Majestic' by the town of Linn, any liability of defendants-appellants for loss of profits and future profits terminated, and that plaintiff-respondent by the express terms of the lease cannot bring a cause of action for such damages."
Whether the provision was intended as a condition subsequent, at least in the sense that the lease was by the operation of the covenant void, seems very doubtful. If the condition were a true condition subsequent, the lease would be void ab initio, and no rights to rents or profits would fall to the lessor, even though the lessees had the use of the property until the town's intervention.
It seems reasonable to interpret the provision to contemplate that only the tenure of the lesseestheir right to possessionwould terminate upon the town's intervention.
In addition, the clause may well have been for the purpose of exonerating both parties from their lease obligations, in the event the town or state closed the operation for reasons not related to the conditions of the leasefor example, a change in the law which outlawed the dance hall and concert activities contemplated. Here, however, it is alleged that the town's intervention came as the result of the lessees' failure to comply with a part of the lessees' obligation under the lease.
An intervention by the town and state as the result of the lessees' alleged breach of the lease was probably not in the contemplation of the parties as a cause to render the lease void ab initio. It is apparent that the *647 interpretation of this clause, to the extent that it is relevant to the disposition of the case, is a matter for construction by the trial court.
Liberally construed, the complaint states facts sufficient to state a cause of action. It is not clear from the alleged facts that the provision of the lease in reference to the intervention of the town, even if construed as a termination, in any way was intended to affect more than the lessees' continued right to possession and the plaintiff's right to rents for the term of the leasehold.
By the Court.Order affirmed.