74 Wis.2d 544 (1976)
247 N.W.2d 129
INTERNATIONAL FOUNDATION OF EMPLOYEE BENEFIT PLANS, INC., Respondent,
v.
CITY OF BROOKFIELD, Appellant.
No. 75-241.
Supreme Court of Wisconsin.
Argued November 5, 1976.
Decided November 30, 1976.
*545 For the appellant the cause was argued by Harold H. Fuhrman, special counsel, with whom on the briefs was George A. Schmus, city attorney, both of Milwaukee.
For the respondent there was a brief by Timothy C. Frautschi and Foley & Lardner, and oral argument by Mr. Frautschi, all of Milwaukee.
A brief amicus curiae was filed by Jean G. Setterholm, legal counsel, and Paul J. Swain, assistant legal counsel, for League of Wisconsin Municipalities.
CONNOR T. HANSEN, J.
The plaintiff is a nonstock, nonprofit corporation owning real property and personal property located in the City of Brookfield. Brookfield assessed and levied taxes upon the property of the plaintiff located within its boundaries for the years of 1972 and 1973. The taxes were paid "`Under Protest.'"
The plaintiff commenced action pursuant to sec. 74.73, Stats., for recovery of the taxes it alleges were unlawfully levied and collected by Brookfield.
The plaintiff alleges that the property it owns which was so taxed was used exclusively by it as an educational association and, therefore, exempt from taxation under the provisions of sec. 70.11 (4), Stats., which provides:
"70.11 Property exempted from taxation. The property described in this section is exempted from general property taxes:
". . .
" (4) . . . Property owned and used exclusively by . . . educational . . . associations . . . but not exceeding 10 acres of land necessary for location and convenience *546 of buildings while such property is not used for profit. . .
The single issue presented by this appeal is whether the complaints state facts sufficient to constitute a cause of action. We are of the opinion that they do.
This action has previously been on appeal. National Foundation v. Brookfield, 65 Wis.2d 263, 222 N.W.2d 608 (1974) . In that case, Brookfield also appealed from an order overruling its demurrer to the complaint. We reversed and remanded with leave to replead and in doing so held, at pp. 266, 267:
"Although the complaint here does expressly or by reasonable inference allege the elements specified by sec. 70.11 (4), Stats., necessary to establish a property tax exemption, it is also necessary, because of our ruling in Engineers & Scientists, that the complaint go further and specifically set forth facts showing that plaintiff is engaged in the kind of traditional educational activities which would entitle it to receive tax exempt status.
". . . The fatal defect of the complaint as now stated, however, is that there are no supporting facts concerning the purposes and functions of the plaintiff. We think more is required, in view of Engineers & Scientists.[1] Specific traditional educational activities must be engaged in in order to qualify for tax exemption as an educational association."
Following the 1974 appeal and remand, the plaintiff served and filed an amended complaint and a substantially identical complaint in a second action, which complaints are the subject matter of this appeal. The question to be resolved is whether the complaints "specifically set forth facts showing that plaintiff is engaged in the kind of traditional educational activities which would entitle it to receive tax exempt status." In overruling the demurrers of Brookfield, the trial court was of the opinion that they did so state sufficient facts, and we agree.
*547 The plaintiff specifically alleged in the complaints that it was engaged in traditional educational activities: "Plaintiff was substantially and primarily devoted to, and the said property was used for, usual and traditional educational activities and purposes. . . ." In addition, in the complaints, the plaintiff alleged facts which show that it was engaged in those activities, alleging specifically that its organization was unlike that involved in Engineers & Scientists. In particular, in the complaints, the plaintiff stated: "Membership in plaintiff was open to all persons of any vocation. Plaintiff does not serve to advance the employment or professional interest of any particular group, class or profession. . . ."
Brookfield contends that the plaintiff has failed to make the required averments pertaining to "traditional educational activities" as required by this court in National Foundation, supra, pursuant to its reading of Engineers & Scientists, supra. Brookfield reads National Foundation, supra, to require that the plaintiff must specifically set forth facts showing that plaintiff is engaged in the kind of traditional educational activities which would eriatle it to receive tax exempt status. National Foundation arose in the context of a demurrer to the complaint. While this court in that case spoke in terms of what was required to qualify for an educational association exemption, the tests or requirements set forth there need only be alleged to withstand the challenge of a demurrer. The question of the proof of those elements only arises when the case is heard on the merits. The overwhelming majority of the arguments and authority advanced by Brookfield go to the proof of the element of traditional educational activities and not to whether sufficient facts have been alleged in the complaint to withstand demurrer.[2]
*548 [1, 2] The rules for a trial court to apply in ruling on demurrers are well settled in this state. The demurrer tests only the legal sufficiency of the pleading. All material statements of fact well-pleaded are considered true while legal conclusions or erroneous conclusions from the facts as pleaded are not. Val-Lo-Will Farms v. I. Azoff & Asso., 71 Wis.2d 642, 238 N.W.2d 738 (1976); Drake v. Milwaukee Mut. Ins. Co., 70 Wis.2d 977, 236 N.W.2d 204 (1975); De Bauche v. Knott, 69 Wis.2d 119, 230 N.W.2d 158 (1975); Scheeler v. Bahr, 41 Wis.2d 473, 164 N.W. 2d 310 (1969). A demurrer to a complaint admits the facts which are well-pleaded but denies that they have the legal consequences asserted by the plaintiff. Scheeler, supra, 476.
[3] The question is whether any cause of action has been stated on which relief may be granted. The plaintiff is bound by the facts he alleges but not by his theory of recovery. Val-Lo-Will Farms, supra, 644; Milwaukee County v. Schmidt, Garden & Erikson, 43 Wis.2d 445, 168 N.W.2d 559, (1969); Nelson v. La Crosse Trailer Corp., 254 Wis. 414, 37 N.W.2d 63 (1949).
The rules relating to review of orders overruling demurrers were most recently stated by this court in State v. Ross, 73 Wis.2d 1, 3, 4, 242 N.W.2d 210 (1976):
"The rules relating to review of orders overruling or sustaining demurrers were set forth by this court in Weiss v. Holman (1973), 58 Wis.2d 608, 614, 207 N.W.2d 660:
"`. . . The following oft reiterated rules relating to review of orders overruling or sustaining demurrers are applicable: (1) Pleadings are to be liberally construed with a view to substantial justice between the parties and are entitled to all reasonable inferences in favor of the pleadings which may be drawn from the facts pleaded; (2) all material well-pleaded facts are to be taken as true;. . .'"
*549 The duty of this court on review is not to hypothesize whether the plaintiff can actually prove his allegations; that is the task of the trier of fact. The complaint will withstand the challenge of the demurrer when the facts alleged, if they were proved, would constitute a cause of action. De Bauche, supra, 122; Theune v. Sheboygan, 57 Wis.2d 417, 204 N.W.2d 470 (1973); Rogers v. Oconomowoc, 16 Wis.2d 621, 115 N.W.2d 635 (1962).
The thrust of the argument of Brookfield is that regardless of its specific assertion of engagement in traditional educational activities, the other facts alleged by the plaintiff are so similar to those in Engineers & Scientists, supra, that it cannot be said that the plaintiff was engaged in traditional educational activities.
We cannot subscribe to that argument. Plaintiff has specifically alleged that it was engaged in traditional educational activities. It has further alleged that its organization was unlike that involved in Engineers & Scientists, supra, and has alleged facts as to why there was a difference. Engineers & Scientists, supra, did not define specifically what traditional educational activities were. It held that a particular organization whose overall function was for the continuing education and professional advancement of engineers and scientists was not engaged in traditional educational activities. Finally, the plaintiff has alleged facts showing just the type of educational activities it did engage in. The plaintiff has followed explicitly the dictates of National Foundation, supra.
The arguments of Brookfield go to the proof of the element of engagement in traditional educational activities, and not to whether that element has been properly alleged. Those arguments cannot be heard in the context of a demurrer, but rather, must be raised at trial on the merits. Likewise, Brookfield's arguments concerning the strict construction of the exemption statute are more *550 properly addressed to the trial on the merits and to whether the plaintiff has met the burden of proof of the elements pleaded.
[4] Whether or not the plaintiff can prove that it was engaged in such traditional educational activities as will differentiate it from Engineers & Scientists, supra, is to be determined at trial. The plaintiff has alleged explicitly that it was engaged in traditional educational activities; that it was unlike the organization in Engineers & Scientists; and has set forth the facts showing the differences. The amended complaint states facts sufficient to constitute a cause of action.
By the Court.Order affirmed.
NOTES
[1] Engineers & Scientists v. Milwaukee, 38 Wis.2d 550, 157 N.W.2d 572 (1968).
[2] See: North Star Research Institute v. County of Hennepin, 236 N.W.2d 754 (Minn. 1975), and cases cited therein. North Star is a review on the merits of the tax exempt status of a nonprofit corporation alleged to have been engaged in charitable purposes within the meaning of the Minnesota Constitution.